WATKINS, Judge.
Mr. Francis Randolph Cassidy (Mr. Cassi-dy) appeals the judgment of the trial court deleting two items from the Succession Tableau of Distribution and ordering him to return $25,000.00 plus interest to the succession. We affirm.
BACKGROUND FACTS
Mr. Cassidy and Mrs. Catherine Ann Cas-sidy Luse (Mrs. Luse) were both named as co-executors of the succession of their late mother, Mrs. Ann LeTourneau Cassidy (Mrs. Cassidy), who died on September 18, 1976.
Mr. Cassidy verbally informed Jernifer Luse, the attorney for the succession and Mrs. Luse’s daughter, that the estate owed him money for loans he made to the decedent from 1936 until her death. Both Mrs. Luse and Jennifer disagreed with Mr. Cassi-dy’s allegations, which led to Jennifer’s withdrawal as succession attorney on August 26, 1977. However, Mrs. Luse remained executrix, and Mr. Cassidy remained executor.
On December 16, 1977, Mr. Cassidy filed federal and state estate tax returns for the succession, in which he listed himself as a creditor for $25,000.00. This was the first written notice by Mr. Cassidy of his claim for reimbursement. Subsequently, on January 22,1980, Mr. Cassidy unilaterally withdrew $25,000.00 from the estate in partial payment of the alleged debt. Mrs. Luse did not learn of this withdrawal until February, 1981.
On February 25, 1981, Mr. Cassidy in his capacity as executor, without Mrs. Luse’s concurrence as executrix, filed a Tableau of Distribution which included the $25,000.00 payment to himself and a claim for an unspecified sum representing additional moneys loaned to Mrs. Cassidy. Mrs. Luse filed an opposition to the Tableau, seeking to delete both sums and have the $25,000.00 returned to the succession with interest. The trial court ruled in favor of Mrs. Luse, holding that under R.S. 13:3721 the parol evidence of the alleged debt was inadmissible, and consequently, Mr. Cassidy failed to sustain his burden of proving the existence of the alleged debt. The items were deleted and the $25,000.00 ordered returned to the succession with interest. On appeal, Mr. Cassidy urges that the parol evidence should not have been excluded under R.S. 13:3721.
DEAD MAN’S. STATUTE — R.S. 13:3721
Under R.S. 13:3721, parol evidence shall not be received to prove any debt of a deceased person unless: (1) the creditor has taken certain specified steps to enforce this *1028 claim within one year of the death; or (2) the executor has acknowledged the claim according to law. More specifically, the statute provides:
“Parol evidence shall not be received to prove any debt or liability of a deceased person against his succession representative, heirs, or legatees when no suit to enforce it has been brought against the deceased prior to his death, unless within one year of the death of the deceased:
“(1) A suit to enforce the debt or liability is brought against the succession representative, heirs, or legatees of the deceased;
“(2) The debt or liability is acknowledged by the succession representative as provided in Article 3242 of the Code of Civil Procedure, or by his placing it on a tableau of distribution, or petitioning for authority to pay it;
“(3) The claimant has opposed a petition for authority to pay debts, or a tableau of distribution, filed by the succession representative, on the ground that it did not include the debt or liability in question; or
“(4) The claimant has submitted to the succession representative a formal proof of his claim against the succession, as provided in Article 3245 of the Code of Civil Procedure.
“The provisions of this section cannot be waived impliedly through the failure of a litigant to object to the admission of evidence which is inadmissible thereunder. As amended Acts 1960, No. 32, Section 1.”
Therefore, in order to use parol evidence, Mr. Cassidy must establish the presence of one of the above prerequisites within one year of Mrs. Cassidy’s death.
Mr. Cassidy first contends that his verbal notification to Jennifer Luse and Mrs. Luse, coupled with Mrs. Luse’s knowledge of the loans and access to succession records, constitutes an acknowledgment of the debt under paragraph (2) of the statute, thus preventing the exclusion of parol evidence. However, this argument is without merit for two reasons.
First, the submission of claims by a creditor of the succession must be made in writing. La.C.C.P. Art. 3241. Thus, the verbal notification is not an effective claim.
Secondly, the procedure for acknowledging a proper claim is set forth in La.C.C.P. Art. 3242. It provides that the acknowledgment or rejection by the executor shall be in writing, dated and signed. But the failure of the executor to act on the claim within thirty days of submission shall be considered a rejection. However, the mere fact of Mrs. Luse’s knowledge of the loans and her access to succession records in no way constitutes an acknowledgment under the provisions of this article.
Mr. Cassidy additionally contends that his filing of the Tableau of Distribution including the disputed items invokes paragraph (2) of R.S. 13:3721. However, this contention falls since the Tableau was not filed until February 25, 1981, more than four years after Mrs. Cassidy’s death and clearly beyond the one-year period granted by the statute for such filing.
Therefore, we conclude, as did the trial court, that Mr. Cassidy failed to establish any of the specific prerequisites in R.S. 13:3721 for preventing the exclusion of pa-rol evidence.
Excluding the parol evidence of the alleged debt from the record, we further agree with the trial court’s conclusion that Mr. Cassidy failed to sustain his burden of proving the existence of the alleged debt to him.
DECREE
Accordingly, for the above expressed reasons, the decision of the trial court is affirmed at appellant’s costs.
AFFIRMED.